UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CENTER FOR FAMILY MEDICINE, a South Dakota Corporation, and the UNIVERSITY OF SOUTH DAKOTA SCHOOL OF MEDICINE RESIDENCY CORPORATION, a South Dakota Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civ. 05-4049-KES<br><br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES |

Plaintiffs, Center for Family Medicine (CFM) and University of South Dakota School of Medicine Residency Corporation (USDSMRC), filed this suit seeking the recovery of FICA taxes erroneously collected by the Internal Revenue Service on stipends paid to medical residents. On September 24, 2008, stipulations for entry of judgment were filed by all parties in the above captioned case. Docket 187, 188. That same day, the court filed stipulated judgments in favor of CFM and USDSMRC. Docket 190, 191. Both plaintiffs now move for an award of attorneys' fees and costs.

**DISCUSSION**

**I. Award of Fees**

26 U.S.C. § 7430 provides for awards of attorneys' fees and costs for the "prevailing party" in actions "against the United States in connection with the

determination, collection, or refund of any tax." 26 U.S.C. § 7430(a)(2). The prevailing party is the party who "(I) has substantially prevailed with respect to the amount in controversy, or (II) has substantially prevailed with respect to the most significant issue or set of issues presented." Id. at § 7430(c)(4)(A)(i). On August 17, 2006, this court denied the United States' motion for summary judgment. Docket 34. On August 6, 2008, this court denied the United States' second motion for summary judgment, and it granted in part and denied in part motions for summary judgment filed by CFM and USDSMRC. Docket 176. Upon stipulations filed by the parties, the court signed a stipulated judgment in favor of CFM in the amounts of $628,517.45 plus interest and $591,905.70 plus interest. Docket 190. A stipulated judgment was also signed in favor of USDSMRC, awarding plaintiff $1,047,962.44 plus interest and $712,548.20 plus interest. Docket 191. The United States does not dispute plaintiffs' contention that they substantially prevailed both regarding the amount in controversy and the most significant issues presented.

 Awards are further limited "with respect to any portion of the administrative or court proceeding during which the prevailing party has unreasonably protracted such proceedings." Id. at § 7430(b)(3). Finally, a party seeking attorneys' fees and litigation costs must have exhausted all available administrative remedies before beginning any court proceeding. Id. at § 7430(b)(1). The United States does not contest the fact that CFM and

USDSMRC exhausted administrative remedies and does not assert that plaintiffs have unreasonably protracted these proceedings.

A party's recovery of attorneys' fees is not allowed, however, "if the United States establishes that the position of the United States in the proceeding was substantially justified." 26 U.S.C. § 7430(c)(4)(B)(i). The United States maintains that its positions in this matter were substantially justified, thus prohibiting an award of attorneys' fees to either plaintiff. Docket 214, 215. Therefore, the sole issue before this court is whether the position of the United States was substantially justified under 26 U.S.C. § 7430(c)(4)(B)(i).

The burden is on the United States to demonstrate that its legal positions were substantially justified. 26 U.S.C. § 7430(c)(4)(B)(i); Sherbo v. C.I.R., 255 F.3d 650, 653 (8th Cir. 2001). "[A] position was substantially justified if it had a reasonable basis in law or fact." Dowdy v. United States, 1999 WL 1424996, *2 (E.D. Ark. Nov. 3, 1999) (citing Cox. v. Comm'r, 121 F.3d 390, 393 (8th Cir. 1997)). "Stated another way, the government's position is not substantially justified where its position is not 'clearly reasonable, well founded in law and fact, [or] solid though not necessarily correct." Kenagy v. United States, 942 F.2d 459, 464 (8th Cir. 1991) (citation omitted). In determining whether the United States' position was substantially justified, "the court shall take into account whether the United States has lost in courts of appeal for other circuits on substantially similar issues." Id. at § 7430(c)(4)(B)(iii).

### A. First Motion for Summary Judgment

In its first motion for summary judgment, the United States urged the court to find that, as a matter of law, medical residents can never fit within the "student exception" exempting them from payment of FICA taxes on stipends paid to them during their medical residency. Docket 21. In its order denying the motion for summary judgment, this court determined that "the law in the Eighth Circuit prohibits such a bright line rule." Docket 34, page 4-5. Citing Minnesota v. Apfel, this court stated that it could not adopt the bright-line rule sought by the United States because the Eighth Circuit held that application of the FICA "student exception" is a question of fact to be determined on a case-by-case basis by examining the relationship between the resident and the university. Id. at 7 (citing Apfel, 151 F.3d 742, 747-48 (8th Cir. 1998)); see also United States v. Mayo Found. for Med. Educ. & Research, 282 F. Supp. 2d 997, 1006-07 (D. Minn. 2003) (citing Apfel in rejecting the United States' argument that "as a matter of law, residents can never be exempt, as 'students' from FICA taxation"). Because the Eighth Circuit rejected the bright-line ruling requested by the United States in Apfel, this court was bound to similarly reject the United States' contention here that medical residents can never be students. Docket 34, page 8.

As mentioned above, a court determining whether the United States' position was substantially justified "should take into account whether the

4

United States has lost in courts of appeal for other circuits on substantially similar issues." 26 U.S.C. § 7430(c)(4)(B)(iii).  At the time the United States was presenting its positions, two courts of appeal, including the Eighth Circuit, had found adverse to the United States' contention that the statute required a bright-line rule.  See United States v. Mt. Sinai Med. Ctr. of Florida, 486 F.3d 1248, 1253 (11th Cir. 2007); Apfel, 151 F.3d at 748.  Further, recent decisions by several courts of appeal, filed since this court entered judgments in this case, support the contention that the application of the student exception requires a case-by-case factual analysis.  See United States v. Mem'l Sloan-Kettering Cancer Ctr., 563 F.3d 19, 27 (2d Cir. 2009) (stating that "whether medical residents are 'students' and the Hospitals 'schools' is a question of fact, not a question of law"); United States v. Detroit Medical Center, 557 F.3d 412, 418 (6th Cir. 2009) (stating that while the definition of "student" is a legal issue, whether residents in a specific program come within the term is not); Univ. of Chicago Hospitals v. United States, 545 F.3d 564, 570 (7th Cir. 2008).  Because the United States' first motion for summary judgment asked this court to rule in a way that was directly contrary to binding Eighth Circuit precedence, the court concludes that the United States' position was not substantially justified.  Thus, under 26 U.S.C. § 7430, plaintiffs are entitled to an award of attorneys' fees for work generated in response to this motion for summary judgment.

### B. Second Motion for Summary Judgment

In its second motion for summary judgment, the United States argued that the medical residents were not "students" for purposes of the student exception because the patient care they provided was not incident to a course of study. Docket 151, page 7-16. Additionally, the United States argued that the student exception did not apply because their employer was a health care provider, not a school, college, or university. Id. at 17-28. The United States advanced similar arguments in its opposition to plaintiffs' motions for summary judgment, which were filed at the same time, asserting that there were disputed facts with regard to the appropriateness of an assessment of FICA taxes. See Docket 167, 169.

As stated above, the Eighth Circuit has held that courts are to evaluate on a case-by-case basis whether the student exception applies to medical residents, relying on the unique facts of each case to determine "if an individual's relationship with a school is primarily for educational purposes or primarily to earn a living." Apfel, 151 F.3d at 748. Here, the United States argued that very question–whether the student exception applied in light of the unique relationship between CFM and USDSMRC and the medical residents. See Docket 151, 167. Applying the relevant statutes and regulations to the facts of this case, the court found in favor of plaintiffs and determined that the student exception applied to medical residents employed by CFM and

6

USDSMRC. Despite the court's adverse ruling, however, the United States did have a reasonable basis in fact to argue that plaintiffs were not employers, that plaintiffs were not schools, and that the medical residents were not students. Thus, the United States was substantially justified in advocating for a favorable interpretation of the undisputed facts in light of applicable rules and statutes. See Sherbo v. C.I.R., 255 F.3d 650, 655 (8th Cir. 2001) (holding that it was reasonable for the United States to litigate when there were "dispositive and unresolved fact[s]" as to the taxpayer's liability); Dowdy v. United States, 1999 WL 1424996, *2-3 (E.D. Ark. Nov. 3, 1999) (finding that United States' interpretation and argument were reasonable in light of absence of specific definition or interpretation in relevant procedures, rules, or judicial decisions); cf. Sharp v. United States, 145 F.3d 994, 996 (8th Cir. 1998) (finding no substantial justification when the United States sought tax payments from someone it knew "did not have the authority to pay the withholding taxes").

The court does not believe that the required consideration of "whether the United States has lost in courts of appeal for other circuits on substantially similar issues" is helpful here in evaluating whether the United States' position was substantially justified. See 26 U.S.C. § 7430(c)(4)(B)(iii). In the later motions for summary judgment filed in this case, the parties made factual arguments about the unique circumstances of this case, relying for the most part on district court cases. Furthermore, as the questions raised here were

USDSMRC. Despite the court's adverse ruling, however, the United States did have a reasonable basis in fact to argue that plaintiffs were not employers, that plaintiffs were not schools, and that the medical residents were not students. Thus, the United States was substantially justified in advocating for a favorable interpretation of the undisputed facts in light of applicable rules and statutes. See Sherbo v. C.I.R., 255 F.3d 650, 655 (8th Cir. 2001) (holding that it was reasonable for the United States to litigate when there were "dispositive and unresolved fact[s]" as to the taxpayer's liability); Dowdy v. United States, 1999 WL 1424996, *2-3 (E.D. Ark. Nov. 3, 1999) (finding that United States' interpretation and argument were reasonable in light of absence of specific definition or interpretation in relevant procedures, rules, or judicial decisions); cf. Sharp v. United States, 145 F.3d 994, 996 (8th Cir. 1998) (finding no substantial justification when the United States sought tax payments from someone it knew "did not have the authority to pay the withholding taxes").

The court does not believe that the required consideration of "whether the United States has lost in courts of appeal for other circuits on substantially similar issues" is helpful here in evaluating whether the United States' position was substantially justified. See 26 U.S.C. § 7430(c)(4)(B)(iii). In the later motions for summary judgment filed in this case, the parties made factual arguments about the unique circumstances of this case, relying for the most part on district court cases. Furthermore, as the questions raised here were

primarily factual, and as the courts of appeal that have looked at the student exception unanimously agree that application of the exception turns on the facts of each case, the resolution of similar claims in other courts is not overly persuasive as to the justification of the United States' position under the facts of this case.

Plaintiffs argue that they are entitled to attorneys' fees because the United States' position in the second motion for summary judgment "again ask[ed] the Court to adopt a bright line approach to the student exception by stating that residents do not constitute students for purposes of the student exception." Docket 201, page 10 (stating that the United States "reiterate[d] the same arguments it had set forth in its First Motion for Summary Judgment"); Docket 203, page 14-18. Specifically, plaintiffs contend that the United States' position that "treating patients can never count as study" in its second summary judgment motion was functionally identical to its first summary judgment motion. See Docket 203, page 14 (citing Docket 151, page 8).

The court's review of the United States' second summary judgment motion leads it to a different conclusion. In its first motion for summary judgment, the United States unsuccessfully advanced an argument of law, asserting that the relevant provisions created a bright-line rule with regard to the student exception. Docket 22. In its second motion for summary

8

judgment, the United States argued that, based on the facts present in this case, the student exception did not apply to the medical residents paid by CFM and USDSMRC. Docket 149. While the United States did argue that "treating patients can never count as study," it did so in the midst of making factual arguments about plaintiffs' status as employers and the residents' status as students. Docket 151, page 8. The court does not agree with CFM's assertion that "although it purported to undertake the factual analysis required by Apfel . . . . the Government's second motion for summary judgment functionally was nothing more than a second attempt to obtain a bright line ruling against the application of the student exception to medical residents." Docket 203, page 17. Instead, in the second motion for summary judgment, the United States argued that, under the necessary factual analysis dictated by Apfel, plaintiffs were incorrect in their argument that the student exemption applied under the facts of this case. As stated above, the court finds that such assertions are not unreasonable or unfounded in law or fact. See Kenagy, 942 F.2d at 464.

Whether employers must pay FICA taxes on the payments given to medical residents is an area of the law that depends on the facts of the situation, and the United States should not be penalized for litigating in favor of an interpretation of the facts that would lead to a result favorable to its interests. See Kaffenberger v. United States, 314 F.3d 944 (8th Cir. 2003) (stating that "[o]ur judicial system allows all litigants, including the IRS, to

9

litigate their differences through trial if the parties cannot settle them. That does not make the IRS's position not substantially justified"). Because the position of the United States was substantially justified in its second motion for summary judgment and in its opposition to plaintiffs' motions for summary judgment, pursuant to 26 U.S.C. § 7430(c)(4)(B)(i), plaintiffs are not entitled to attorneys' fees with regard to the later motions for summary judgment.

## II. Amount of Fees

As stated above, the court finds that the United States must pay attorneys' fees generated in response to its first motion for summary judgment. "Reasonable fees" are defined under the statute of fees to be not in excess of $125 per hour, plus a cost-of-living adjustment. 26 U.S.C. § 7430(c)(1)(B)(iii). Because all work related to the United States' first motion for summary judgment occurred in 2006, the adjusted rate is $160. Blakley v. United States, 85 Fed. Cl. 360, 374 (Fed. Cl. 2008) (citing Rev. Proc. 2006-53). Furthermore, "[w]ork done by paralegals is compensable if it is work that would have been done by an attorney." Miller v. Alamo, 983 F.2d 856, 862 (8th Cir. 1993).

"The proper method for determining a reasonable attorney's fee is to multiply the number of hours reasonably expended on the litigation times a reasonable hourly rate." McDonald v. Armontrout, 860 F.2d 1456, 1458 (8th Cir. 1988) (internal quotation omitted). The resulting product is called the

"lodestar," which is presumed to be the reasonable fee to which counsel is entitled. Id. (quoting Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 478 U.S. 546, 564, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986)). To set the reasonable number of hours and reasonable hourly rate components of the fee award formula, the court should consider the factors identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). Id. at 1459. These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Delaware Valley, 478 U.S. at 562 (citing Johnson, 488 F.2d at 717-19).

USDSMRC requests fees earned by one attorney and one paralegal:

|  | Position | Rate | Hours | Cost |
|---|---|---|---|---|
| Thomas Frieberg | Partner | $100 | 10.5 | $1050 |
| Unnamed | Paralegal | $50 | 11.25 | $562.50 |

USDSMRC's attorney swears in his affidavit that the hours of the paralegal reflect "substantive work that would have otherwise been completed by an attorney." Docket 197 ¶ 5. The court's review of the detailed billing statement leads it to conclude that the paralegal hours reflect substantive work, and not merely clerical duties, which would have been done by an attorney, but for the

11

paralegal. Docket 197-2, page 2-3. The United States does not object to the fees generated by the paralegal or to the $50 per hour rate sought by CFM.

CFM requests fees earned by three attorneys in responding to the United States' first summary judgment motion. CFM's requests are listed below:

|  | Position | Rate | Hours | Cost |
|---|---|---|---|---|
| Cheryl Wiedmeier Gering | Partner | $160 | 24.1 | $3856 |
| Sandra Hoglund-Hanson | Partner | $160 | 0.7 | $112 |
| Kristina M. Schaeffer | Associate | $130 | 15.8 | $2054 |

The United States does not object to the hours, rates, or total amount of attorneys' fees claimed by CFM.

The court has reviewed the parties' billing statements and related filings and has considered the factors discussed in Johnson, and it finds that the attorneys' fees sought by CFM and USDSMRC are reasonable under the circumstances of this case. Thus, the court grants CFM's motion for attorneys' fees in the amount of $6022, and it grants USDSMRC's motion for attorneys' fees in the amount of $1612.50.

### III. Costs

In its review of the billing statements and the court's awards of costs to plaintiffs, the court could not determine whether there are costs specific to the United States' first motion for summary judgment that have not been awarded in favor of either plaintiff. See Docket 221, 224 (taxation of costs against the United States). A prevailing party may recover reasonable litigation costs, which may include costs such as travel, postage, and photocopies which are

"inevitable in any litigation." Miller, 983, F.2d at 862. If plaintiffs believe they are entitled to reimbursement for further litigation costs that are related to the United States' first motion for summary judgment and which have not already been awarded by the court, plaintiffs should submit the amounts desired and supporting documentation within 20 days of this order.

For the reasons stated above, it is hereby

ORDERED that CFM's motion for attorneys' fees and costs (Docket 198) is granted in part and denied in part in accordance with this order.

IT IS FURTHER ORDERED that USDSMRC's motion for attorneys' fees and costs (Docket 196) is granted in part and denied in part in accordance with this order.

Dated May 26, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE